```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
GENNADIY EYSHINSKIY,                     :
                                         :
                    Plaintiff,           :    15 Civ. 10027 (DLC)
                                         :
         -v-                             :    OPINION AND ORDER
                                         :
NEW YORK CITY DEPARTMENT OF EDUCATION;   :
TYEE CHIN, PRINCIPAL OF FLUSHING HIGH    :
SCHOOL; ENRIC KENDALL, FORMER            :
PRINCIPAL OF FLUSHING HIGH SCHOOL;       :
AIMEE HOROWITZ, EXECUTIVE                :
SUPERINTENDENT OF RENEWAL SCHOOLS,       :
                                         :
                    Defendants.          :
---------------------------------------- X
```

APPEARANCES:

For the plaintiff Gennadiy Eyshinskiy:
Bryan David Glass
Glass Krakower, LLP
20 Broadway, Ste. 1
Valhalla, NY 10595

For the defendants:
Gabriel Stoll Gladstone
New York City Law Department
New York, NY 10007

DENISE COTE, District Judge:

    Plaintiff Gennadiy Eyshinskiy brings this action pursuant to 42 U.S.C. § 1983 and New York Civil Service Law § 75-b, alleging retaliation against him in violation of the First Amendment and state law by the New York City Department of Education ("DOE"), Tyee Chin ("Chin"), Enric Kendall ("Kendall"), and Aimee Horowitz ("Horowitz").  The defendants have moved to dismiss the amended complaint pursuant to Federal

Rule of Civil Procedure 12(b)(6).  For the following reasons, defendants' motion is granted.

## Background

These facts are taken from the amended complaint.  From 1992 until 2016, Eyshinskiy was employed by the DOE, first as a mathematics teacher, then as a mathematics coordinator, and, beginning in 2006, as an assistant principal of mathematics at Flushing High School ("Flushing").  In the 2013-2014 academic year, the plaintiff assigned an "effective" rating to all of Flushing's mathematics teachers.  Kendall, who became Flushing's principal in 2014, repeatedly questioned whether plaintiff's ratings were appropriate, but plaintiff maintained that they were consistent with state and local assessments.  Teachers at Flushing expressed their view that Kendall's criticism of the ratings was unfair.

For the 2014-2015 year, the plaintiff again assigned "effective" ratings to all of the mathematics teachers.  At a disciplinary meeting in May 2015, Kendall accused Eyshinskiy of "overrating" teachers, among other things.  In June, Kendall gave Eyshinskiy an "unsatisfactory" annual evaluation, which Eyshinskiy appealed.  The Chancellor's designee upheld the "unsatisfactory" evaluation in October 2015.  The plaintiff took a medical leave of absence from October 2015 until January 2016.

Upon plaintiff's return in January of 2016, the new principal of Flushing, defendant Chin, informed Eyshinskiy that going forward Eyshinskiy would be required to submit his observational reports of teachers to Chin for approval before they were shown to teachers. The plaintiff objected and then retired that same month.

Plaintiff filed his complaint on December 23, 2015, and an amended complaint on January 31, 2016. Plaintiff brings a claim for retaliation under 42 U.S.C. § 1983 and under New York Civil Service Law § 75-b. Defendants filed their motion to dismiss on April 18.[1] The motion became fully submitted on May 9. This action was reassigned to this Court on November 22, 2016.

### Discussion

When deciding a motion to dismiss under Rule 12(b), Fed. R. Civ. P., a court "must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." LaFaro v. N.Y. Cardiothoracic Grp., PLLC, 570 F.3d 471, 475 (2d Cir. 2009). "To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege sufficient facts

---

[1] The motion to dismiss was originally filed only on behalf of defendants the DOE, Chin, and Horowitz. By letter dated November 22, 2016, Kendall requested that the motion be deemed filed on his behalf nunc pro tunc. Kendall's request is granted.

3

which, taken as true, state a plausible claim for relief." Keiler v. Harlequin Enters. Ltd., 751 F.3d 64, 68 (2d Cir. 2014); accord Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Parkcentral Glob. Hub Ltd. v. Porsche Auto. Holdings SE, 763 F.3d 198, 208 (2d Cir. 2014) (per curiam) (citation omitted).

**I.   Section 1983 Claim**

Plaintiff seeks damages under 42 U.S.C. § 1983 for the defendants' retaliation against him for the exercise of his free-speech rights under the First Amendment.[2] Retaliation claims brought by public employees under the First Amendment are subject to a two-part inquiry: (1) "whether the employee spoke as a citizen on a matter of public concern" and (2) "whether the relevant government entity had an adequate

---

[2] Other than identifying Horowitz's job title as the Superintendent of Renewal Schools, the complaint contains no further allegations concerning her.  "An individual may be held liable under [§ 1983] only if that individual is personally involved in the alleged deprivation."  Littlejohn v. City of New York, 795 F.3d 297, 314 (2d Cir. 2015) (citation omitted). Accordingly, Plaintiff's § 1983 claim against Horowitz is dismissed.

4

justification for treating the employee differently from any other member of the general public." Jackler v. Byrne, 658 F.3d 225, 235 (2d Cir. 2011) (emphasis omitted) (quoting Garcetti v. Ceballos, 547 U.S. 410, 418 (2006)). Because plaintiff's claim fails under the first part of this inquiry, it is unnecessary to address whether it also fails under the second prong.

"[W]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." Garcetti, 547 U.S. at 421. Observing and evaluating mathematics teachers were some of Eyshinskiy's core professional responsibilities as an assistant principal. Eyshinskiy's ratings and his statements in defense of those ratings were made pursuant to his official duties and cannot form the basis of a First Amendment retaliation claim.

Plaintiff relies on the district court's decision in Fierro v. City of New York, 591 F. Supp. 2d 431 (S.D.N.Y. 2008), rev'd on other grounds, 341 F. App'x 696 (2d Cir. 2009) (summary order). In Fierro, the court found that an assistant principal's refusal to engage in "campaigns to ruin the careers of two very good teachers whom [his principal] did not like," id. at 441, was not speech made pursuant to his professional

duties.  Id. at 443.  Among other things, the plaintiff in Fierro had refused to lie and say that a teacher had told one student to punch another.  Id. at 441.  It is unnecessary to resolve whether Fierro was correctly decided, since it is distinguishable.  Unlike the assistant principal in Fierro, plaintiff has not alleged that he was ever directed to engage in blatantly wrongful conduct.  See id. at 442.  Requiring the plaintiff to submit his reports for review, or to apply a more demanding standard to teacher ratings, do not constitute blatantly wrongful conduct.

**II.  New York Civil Service Law Claim**

New York Civil Service Law provides that public employers may not "dismiss or take other disciplinary or other adverse personnel action against a public employee . . . because the employee discloses to a governmental body information . . . which the employee reasonably believes to be true and reasonably believes constitutes an improper governmental action."  N.Y. Civ. Serv. Law § 75-b(2)(a).  Plaintiff contends that defendants took retaliatory action against him in violation of this provision.

As an initial matter, claims under § 75-b cannot be maintained against individual public employees.  Moore v. County of Rockland, 596 N.Y.S.2d 908, 911 (3d Dep't 1993).

6

Therefore, plaintiff has failed to state a § 75-b claim against defendants Chin, Kendall, and Horowitz.

Eyshinskiy has failed to state a claim against the DOE because he has not identified any disclosure he made "to a governmental body" of improper government action, much less any adverse action taken against him because of such a disclosure. Disagreeing with the principals at Flushing about their standards in supervising him does not constitute a complaint to a governmental body. See, e.g., Hastie v. State Univ. of N.Y., 902 N.Y.S.2d 239, 240 (3d Dep't 2010). Indeed, the plaintiff did not identify in opposition to the defendants' motion any disclosure he made to a governmental body to support this § 75-b claim.

## Conclusion

Defendants' April 18, 2016 motion to dismiss the amended complaint is granted. The Clerk of Court is directed to enter judgment for the defendants and close the case.

Dated:   New York, New York
         December 1, 2016

```
                               _____
                                        DENISE COTE
                               United States District Judge
```